AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN District of PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| NELSON RODRIGUEZ | ) | Case Number: DPAE2: 11CR000251-001 AND 12CR000486-001 |
| | ) | USM Number: 61861-066 |
| | ) | Dennis Cogan, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)    1, 2, 3, 4, 5, 6, 7, 8 and 9 of the Information in 12CR000486-001

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

FILED
NOV 2 6 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 12CR000486-001 | | | |
| 21 U.S.C. §846 | Conspiracy to distribute 5 kilograms or more of cocaine and marijuana. | 3/30/2011 | 1 |
| 21 U.S.C. §860(a) and 18 U.S.C § 2 | Possession with intent to distribute 5 kilograms or more of cocaine within 1,000 feet of a school and aiding and abetting. | 3/29/2011 | 2 |
| 21 U.S.C. §860(a) and 18 U.S.C § 2 | Distribution of 500 grams or more of cocaine within 1,000 feet of a school and aiding and abetting. | 3/29/2011 | 3 |

The defendant is sentenced as provided in pages 2 through    8    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  1 through 9 and 11 of the 2nd Superseding Indictment   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 24, 2014
Date of Imposition of Judgment

_Jan E. DuBois_
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

November 24, 2014
Date

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: NELSON RODRIGUEZ
CASE NUMBER: DPAE2: 11CR000251-001 AND 12CR000486-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §924(c)(1) and 2 | Possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting. | 3/29/2011 | 4 |
| 18 U.S.C. §922(g)(1) | Felon in possession of a firearm. | 3/29/2011 | 5 |
| 21 U.S.C. §856(a)(1) and 18 U.S.C § 2 | Maintaining a drug house and aiding and abetting. | 3/30/2011 | 6 |
| 18 U.S.C. §§1956 (a)(1)(A)(i),1956 (a)(1)(B)(i) and 2 | Money laundering and aiding and abetting. | 9/13/2010 | 7 |
| 18 U.S.C. §1956 (a)(1)(B)(i) and 2 | Money laundering and aiding and abetting. | 10/28/2009 | 8 |
| 18 U.S.C. §1956 (a)(1)(B)(i) and 2 | Money laundering and aiding and abetting. | 6/01/2011 | 9 |

AO 245B      (Rev. 09/11) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page 3 of 8

DEFENDANT: NELSON RODRIGUEZ
CASE NUMBER: DPAE2: 11CR000251-001 AND 12CR000486-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One hundred sixty-eight (168) months on Counts One, Two, Three, Six, Seven, Eight and Nine of the Information, such terms to be served concurrently, and to a term of imprisonment of one hundred twenty (120) months on Count Five of the Information, such term to be served concurrently with the concurrent terms of imprisonment imposed on Counts One, Two, Three, Six, Seven, Eight and Nine of the Information, and to a consecutive term of imprisonment of thirty (30) months on Count Four of the Information, for a total term of imprisonment of one hundred ninety-eight (198) months on Counts One, Two, Three, Four, Five, Six, Seven, Eight and Nine of the Information.

X   The court makes the following recommendations to the Bureau of Prisons:
    That defendant be designated to an institution in close proximity to Philadelphia, Pennsylvania, where his family resides.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:      NELSON RODRIGUEZ
CASE NUMBER:    DPAE2: 11CR000251-001 AND 12CR000486-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Sixteen (16) years on Counts One, Two and Three of the Information, such terms to be served concurrently, and to terms of three (3) years of supervised release on each of Courts Four, Five, Six, Seven, Eight and Nine of the Information, such terms to be served concurrently with each other and concurrently with the concurrent terms of supervised release imposed in Counts One, Two and Three of the Information, for a total term of supervised release of sixteen (16) years on One, Two, Three, Four, Five, Six, Seven, Eight and Nine of the Information.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
        Sheet 3A — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: NELSON RODRIGUEZ
CASE NUMBER: DPAE2: 11CR000251-001 AND 12CR000486-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in a program or programs of treatment and testing for drug abuse including, but not limited to, the furnishing of urine specimens, at the direction of the United States Probation Office, until such time as defendant is released from the program or programs by the United States Probation Office;

2. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his forfeiture obligation is paid-in-full;

3. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

4. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office; and,

5. Defendant shall not encumber or liquidate his interest in any assets unless the proceeds are to be used in payment of defendant's forfeiture obligation.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: | NELSON RODRIGUEZ |
| CASE NUMBER: | DPAE2: 11CR000251-001 AND 12CR000486-001 |

Judgment — Page  6  of  8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 900.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Sheet 5A — Criminal Monetary Penalties

Judgment—Page    7    of    8

DEFENDANT:      NELSON RODRIGUEZ
CASE NUMBER:    DPAE2: 11CR000251-001 AND 12CR000486-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court recommends that, while in custody, defendant pay his forfeiture obligation pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the forfeiture obligation in quarterly installments of not less than $25.00 out of his prison earnings, unless his prison earnings after payment of his special assessment are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.

The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the forfeiture order, taking into account his expenditures for food, clothing, shelter and other necessities for himself and his family.

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the forfeiture order. Accordingly, a fine is waived in this case.

Defendant shall pay a special assessment of $900.00 to the United States of America which shall be due immediately. Interest on the special assessment is waived. The Court recommends that, while in custody, defendant pay his special assessment pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out his prison earnings, unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

Judgment — Page  8  of  8

DEFENDANT:          NELSON RODRIGUEZ
CASE NUMBER:        DPAE2: 11CR000251-001 AND 12CR000486-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance     ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:
       See page 7 (Sheet 5A).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   Separate forfeiture order entered.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.