**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NOS. 12-486 and 11-251-1** |
| | : | |
| **NELSON RODRIGUEZ** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                         **January 31, 2022**

The incarcerated Nelson Rodriguez moves for compassionate release from his facility arguing the Bureau of Prisons erred in rescinding his release under the CARES Act after determining he had been convicted of a crime of violence. He argues the Bureau's error constitutes an extraordinary and compelling reason for immediate release. He omits arguments he is now presenting in his pending appeal from Judge DuBois's earlier denial of his motion for compassionate release, but then seemingly raises them pro se in his reply brief. A change in the Bureau of Prisons's CARES Act decision after Judge DuBois's earlier denial is not an extraordinary and compelling reason warranting compassionate release. We deny his motion for compassionate release and request for counsel as there is no further issue in this Court.

*Mr. Rodriguez is presently appealing the earlier denial of compassionate release.*

Nelson Rodriguez plead guilty to: conspiracy to distribute five kilograms or more of cocaine and marijuana; possession with intent to distribute five kilograms or more of cocaine within 1,000 feet of a school and aiding and abetting; distribution of 500 grams or more of cocaine within 1,000 feet of a school and aiding and abetting; possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting; being a felon in possession of a firearm;

maintaining a drug house and aiding and abetting; and three counts of money laundering and aiding and abetting.[1] Judge DuBois sentenced him to one hundred and ninety-eight months imprisonment followed by sixteen years of supervised release.[2] Mr. Rodriguez moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in June 2020 and sought compassionate release.[3] Judge DuBois appointed the Federal Defender to represent Mr. Rodriguez in his compassionate release motion.[4] Mr. Rodriguez pro se, his counsel, and the United States extensively briefed Mr. Rodriguez's motion for compassionate release.[5] Mr. Rodriguez argued he should be released because of his medical conditions amid the COVID-19 pandemic and because his sentence enhancement under 21 U.S.C. § 851 is unlawful.[6]

Judge DuBois denied both of Mr. Rodriguez's motions.[7] Judge DuBois found Mr. Rodriguez then presented extraordinary and compelling reasons for release consistent with the United States' position but found Mr. Rodriguez presented a danger to society and Congress's section 3553(a) factors counseled against release.[8] Judge DuBois also rejected Mr. Rodriguez's argument concerning his sentence finding he improperly raised those arguments in a motion for compassionate release.[9] Judge DuBois then denied Mr. Rodriguez's motion for reconsideration.[10] Mr. Rodriguez appealed.[11] The appeal remains pending.[12]

### *Mr. Rodriguez's new grounds for compassionate release.*

Mr. Rodriguez again moves for compassionate release and for the appointment of counsel during the pendency of his appeal.[13] He seeks compassionate release because the Bureau of Prisons planned to release him under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act but rescinded his release after the Bureau of Prisons determined Mr. Rodriguez is convicted of a crime of violence.[14] Mr. Rodriguez argues his firearm conviction is not a crime of

violence and "[b]ut for the Bureau of Prisons' misclassification of this offense, [he] would have been released under the CARES Act"; thus, "[j]udicial action is both appropriate and warranted."[15]

The United States opposes the motion.[16] It argues we cannot grant Mr. Rodriguez relief with his current appeal pending, but because Mr. Rodriguez's motion lacks merit we should deny it outright.[17] The United States argues we have no authority to review the Bureau of Prisons's administrative decision under the CARES Act and Mr. Rodriguez hasn't presented extraordinary and compelling reasons for modification of his sentence.[18]

Mr. Rodriguez counters we may rule on his motion because his present extraordinary and compelling reasons arose after Judge DuBois's decision, "the Bureau of Prisons . . . conclusively determined under the CARES Act that Defendant is at risk of contracting and dying from COVID-19 (contrary to the Government), which in and of itself establishes 'extraordinary and compelling reasons' for granting compassionate release," his vaccination status does not render him free of risk from contracting the "deadly virus" and "perishing," and we cannot consider whether Mr. Rodriguez is a danger to society as the United States contends we should.[19]

### *We may resolve this Motion during the pendency of the appeal.*

We must determine as a threshold matter whether we can decide this motion considering Mr. Rodriguez's pending appeal of Judge DuBois's denial of his first request for compassionate release. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[20] The issue of whether Mr. Rodriguez's sentence should be reduced under 28 U.S.C. § 3582(c)(1)(A) is squarely on appeal. It is thus likely we lack jurisdiction to grant the motion.[21] We may nonetheless deny Mr. Rodriguez's motion under

3

Federal Rule of Criminal Procedure 37(a).[22]  We deny Mr. Rodriguez's motion for compassionate release under Federal Rule of Criminal Procedure 37(a)(2).

### *Mr. Rodriguez offers no basis for compassionate release.*

Congress allows us to grant compassionate release if Mr. Rodriguez: (1) "fully exhaust[s] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier;" (2) shows "extraordinary and compelling reasons warrant" a reduction; and (3) shows "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[23]  Our Court of Appeals instructs policy statements are "not binding," but "shed[] light on the meaning of extraordinary and compelling reasons."[24]  We also must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."[25]  Mr. Rodriguez "bears the burden of proving that extraordinary and compelling reasons exist."[26]

Neither party addresses whether Mr. Rodriguez met the exhaustion requirement. Mr. Rodriguez bears the burden of showing he exhausted and is entitled to compassionate release. Mr. Rodriguez fails to meet his burden considering our Court of Appeals requires strict compliance with the exhaustion requirement.[27]  But the United States did not aver a lack of exhaustion as an affirmative defense.[28]  We address the merits of Mr. Rodriguez's motion.[29]

Mr. Rodriguez's pro se motion is not the picture of clarity.  His motion and reply raise both new issues and some of the same arguments now on appeal.[30]  On the face of the motion it appears Mr. Rodriguez is asking us to order the Bureau of Prisons to release him because it is misclassifying his convicted offense as a violent one.[31]  We have no authority to review the Bureau

of Prisons's decisions under the CARES Act on a motion for compassionate release nor can we grant Mr. Rodriguez's request for home confinement.[32]

In liberally construing his motion it is also plausible Mr. Rodriguez is arguing he meets extraordinary and compelling reasons for a sentence reduction because the Bureau of Prisons previously determined he is eligible for release under the CARES Act before rescinding its decision.[33] He argues extraordinary and compelling reasons exist based on the Bureau's "determin[ation] under the CARES Act that Defendant is at risk of contracting and dying from COVID-19."[34] We have broad discretion in whether to grant a compassionate release motion, and in exercising our discretion to define extraordinary and compelling reasons we may consider a variety of sources including the text of the statute, dictionary definitions, and the Sentencing Commission's policy statement among others.[35] We have located no authority finding the Bureau of Prisons's decision finding relief warranted under the CARES Act conclusively establishes extraordinary and compelling reasons for a sentence modification when reviewing a motion for compassionate release. Nor has Mr. Rodriguez provided any. The standard and relief requested under the CARES Act are different than the standards we review on a motion for compassionate release.[36] We have no basis to conclude the Bureau's alleged decision conclusively establishes extraordinary and compelling reasons. Mr. Rodriguez also does not provide evidence the Bureau of Prisons found him eligible for relief under the CARES Act because of his medical conditions. Nor does he provide medical documentation to evaluate whether he meets "extraordinary and compelling reasons" for a sentence modification considering his medical conditions and the COVID-19 pandemic. We find no extraordinary and compelling reasons. Mr. Rodriguez fails to meet his burden.

*We need not address whether Mr. Rodriguez presents a danger to the community.*

Mr. Rodriguez lastly argues he is not a danger to the community and we cannot consider this factor in deciding a motion for compassionate release. This same argument is on appeal from Judge DuBois's earlier order.[37] Mr. Rodriguez has not established extraordinary and compelling reasons, so reviewing the section 3553(a) factors is unnecessary to decide his motion.

We deny Mr. Rodriguez's motion for compassionate release. We also deny his request for counsel as there is no further issue pending in our Court.[38]

---

[1] Docket No. 12-486, ECF Doc. Nos. 1 (Information), 20 at 1–2 (judgment and conviction).

[2] ECF Doc. No. 20 at 3–4. Mr. Rodriguez has two criminal cases at Nos. 11-251 and 12-486. Mr. Rodriguez ultimately plead guilty to charges one through nine of the Information filed in No. 12-486. Docket No. 12-486, ECF Doc. Nos. 1 (Information), 20 at 1–2 (judgment and conviction). Judge DuBois dismissed counts one through nine of the Second Superseding Indictment in No. 11-251 (ECF Doc. No. 162) upon the United States' motion at sentencing. *Id.*; *see also* Docket No. 11-251, ECF Doc. No. 523 (indicating Second Superseding Indictment is dismissed by motion of the Government as to Nelson Rodriguez). We cite to the ECF Document numbers from No. 12-486 because it is the case for which Mr. Rodriguez is serving his sentence. We include both cases in our caption because Mr. Rodriguez filed his reply in both cases and to ensure clarity.

[3] ECF Doc. No. 33.

[4] ECF Doc. Nos. 32, 35.

[5] ECF Doc. Nos. 33, 41, 44, 48, 52, 54–56, 59–61, 64–69, 71–73.

[6] ECF Doc. No. 74 at 8–9 (summarizing Mr. Rodriguez's arguments).

[7] *See, e.g.*, *id.*

---

[7] *Id.* at 6–20.

[8] *Id.* at 9–11.

[9] *Id.* at 11–13.

[10] ECF Doc. Nos. 76, 80.

[11] ECF Doc. Nos. 81–82.

[12] *United States v. Rodriguez*, No. 21-1423 (3d Cir.).

[13] ECF Doc. No. 84.

[14] *Id.* at 1–2, 4.

[15] *Id.* at 4.

[16] ECF Doc. No. 85.

[17] *Id.* at 2–4.

[18] *Id.* at 3–4.

[19] ECF Doc. No. 86.

[20] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Shulick,* No. 16-428, 2020 WL 3250584, at *1 (E.D. Pa. June 16, 2020).

[21] *See, e.g., United States v. Carlucci,* 848 F. App''x 339, 340 n.1 (9th Cir. 2021) ("Because Appeal No. 20-10176 was pending when [defendant] filed his second compassionate release motion, the district court correctly held that it lacked jurisdiction to grant the motion."); *but see United States v. Chambers,* No. 18-76, 2022 WL 60598, at *2 (D. Idaho Jan. 5, 2022) (finding it had jurisdiction to consider a second motion for compassionate release when the second motion raised completely different grounds than the first).

---

[22] *Carlucci*, 848 F. App''x at 340 n.1 ("Because Appeal No. 20-10176 was pending when [defendant] filed his second compassionate release motion, the district court correctly held that it lacked jurisdiction to grant the motion . . . However, it had authority to deny the motion. See Fed. R. Crim. P. 37(a)(2)."); *United States v. Hinkson*, No. 04-127, 2021 WL 4317620, at *2 (D. Idaho Sept. 22, 2021) (discussing indicative ruling under Rule 37 on third motion for compassionate release while appeal of second pending); *United States v. Tuitele*, No. 13-593, 2021 WL 54506, at *2 (D. Haw. Jan. 6, 2021) (finding court lacked jurisdiction to decide second motion for compassionate release while appeal of first pending but electing to deny motion under Rule 37); *United States v. Strain*, No. 97-4, 2020 WL 4354923, at *2 (D. Alaska July 29, 2020) (finding the court lacked jurisdiction to rule on second motion for compassionate release but issuing indicative ruling it would grant second motion under Rule 37); *see also United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020) (considering appeal from compassionate release motion at same time defendant's appeal on his conviction and sentence pending, finding "[b]ecause [defendant's] merits appeal was (and remains) pending before us, the District Court's jurisdiction to decide the compassionate release motion was confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if we were to remand the case to the District Court for that purpose.").

[23] 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) ("[A] a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable.") (further citation omitted).

[24] *Andrews*, 12 F.4th at 259–60.

[25] 18 U.S.C. § 3582(c)(1)(A)(i).

[26] *United States v. Smith*, No. 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020).

[27] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[28] ECF Doc. No. 85.

[29] *See United States v. Fields,* No. 10-81, 2021 WL 5112251, at *4 (E.D. Pa. Nov. 3, 2021) (publication in F. Supp. 3d forthcoming) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited."); *id.* at *4 n.38 (canvassing other Court of Appeals' holdings as to whether the exhaustion requirement can be forfeited and when it must be applied); *see also United States v. Webb,* No. 09-755, 2022 WL 206174, at *2 n.1 (E.D. Pa. Jan. 24, 2022) (declining to analyze exhaustion requirement further when facially appeared defendant did not exhaust but the United States did not raise exhaustion in response to defendant's motion).

[30] ECF Doc. No. 84.

---

[31] *Id*. at 4 (arguing "[b]ut for the Bureau of Prisons' misclassification of this offense, [he] would have been released under the CARES Act"; thus, "[j]udicial action is both appropriate and warranted.").

[32] *See United States v. Aguibi,* 858 F. App''x 485, 486 n.2 (3d Cir. 2021) (finding the Bureau of Prisons has the sole authority to place a prisoner on home confinement); *Washington v. Warden Canaan USP*, 858 F. App''x 35, 36 (3d Cir. 2021) (agreeing with the district court judge "whether to transfer an inmate to home confinement is a decision within the exclusive discretion" of the Bureau of Prisons); *United States v. Milchin*, No. 17-284, 2022 WL 196279, at *1 n.1 (E.D. Pa. Jan. 21, 2022) (same); *Hulton v. Finley*, No. 20-1740, 2021 WL 6618530, at *2–3 (M.D. Pa. Dec. 6, 2021), *report and recommendation adopted*, No. 20-1740, 2022 WL 188180 (M.D. Pa. Jan. 20, 2022) (defendant challenging Warden's decision to decline relief under the CARES Act and Judge Arbuckle finding defendant cannot challenge the determination home confinement is not available to defendant because CARES Act gives Bureau of Prisons discretion but does not mandate relief); *Reynolds v. Finley*, No. 21-1251, 2022 WL 36225, at *4–5 (M.D. Pa. Jan. 4, 2022) (the CARES Act "does not provide federal courts with jurisdiction to direct or grant such relief. Thus, the decision regarding a federal inmate's place of confinement remains exclusively within the authority of the BOP, and the BOP's confinement location decision is 'not reviewable by any court.'").

"While the court lacks jurisdiction to override the BOP's CARES Act decision, [plaintiff] can seek judicial review if the BOP refused to make an individualized determination as to his eligibility for release on home confinement under the CARES Act" on a habeas petition under 28 U.S.C. § 2241. *Finley*, 2022 WL 36225, at *5; *see also Hussain v. Thompson,* No. 21-1635, 2021 WL 5298898, at *4 (M.D. Pa. Nov. 15, 2021) ("Although the Court cannot review Hussain's challenge to the BOP's decision under the CARES Act, the Court may assess 'whether the BOP abused its discretion'" in a habeas petition under 28 U.S.C. § 2241).

Mr. Rodriguez neither brings a habeas petition under 28 U.S.C. § 2241 nor does he argue the Bureau of Prisons failed to make an individualized determination. His current motion for compassionate release indicates the opposite is true—the Bureau of Prisons did consider Mr. Rodriguez's case individually and originally granted the requested relief but changed its decision. We decline to opine on whether Mr. Rodriguez can successfully move under 28 U.S.C. § 2241.

[33] ECF Doc. No. 86.

[34] *Id.* at 1. While new arguments are not properly raised in a reply brief, Mr. Rodriguez is pro se and we address the merits of the argument nonetheless. *Furman v. Sauers*, No. 11-4342, 2021 WL 2291300, at *3 (E.D. Pa. June 4, 2021).

[35] *Andrews*, 12 F.4th at 260.

[36] *See, e.g., United States v. Kirkham*, No. 18-30019, 2021 WL 238860, at *4 (C.D. Ill. Jan. 25, 2021) (court rejecting exhaustion prong for compassionate release met when defendant requested relief from the Warden under the CARES Act because "both the statutory requirements to be considered in evaluating a request for either early release to home confinement under the CARES Act or compassionate release under 18 U.S.C. § 3582(c)(1)(A) are different, as is the nature of the relief requested.").

[37] *See, e.g., United States v. Rodriguez*, No. 21-1423 (3d Cir.), ECF Doc. Nos. 11, 13 (Mr. Rodriguez raising this exact issue in response to the Clerk of Court's request for briefing on how our Court of Appeals's decision in *Andrews* affects the appeal).

[38] "In determining whether to appoint counsel in compassionate release cases, courts must first determine whether the defendant's claim 'has some merit in fact and law.'" *United States v. Gonzalez*, No. 02-446, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). If we find the case has merit in fact and law, we consider "(1) the defendant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the defendant to pursue the investigation; (4) the defendant's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses." *Id.* (citing *Tabron*, 6 F.3d at 155–57). Mr. Rodriguez's motion lacks merit in both fact and law. He fails to meet the burden of establishing extraordinary and compelling reasons for a reduction to his sentence. There are no further issues in the motion before us. We need not address the *Tabron* factors. But even if we did address the *Tabron* factors at this stage, we decline to expend taxpayer dollars for appointed counsel. Mr. Rodriguez has aptly and timely presented his current motion and reply. The fact his arguments lack merit is not a reflection on his ability to present his case. A motion for compassionate release raises straightforward legal issues and frequently involve information, such as health status, medical conditions, and medical records, which Mr. Rodriguez has personal knowledge of and access to. The first three factors weigh against appointing counsel. We do not presently have enough information to determine whether Mr. Rodriguez can retain counsel on his own behalf. But this case is unlikely to turn on credibility determinations or require expert testimony. Factors five and six also weigh against appointing counsel. Because Mr. Rodriguez's motion lacks merit and the *Tabron* factors weigh against appointing counsel, we deny his motion to appoint counsel.